UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-24504-ALTMAN

**RICHARD BOYLE**,

 *Plaintiff*,

v.

**TRACFONE WIRELESS, INC.**, *et al.*,

 *Defendants.*
_____/

## ORDER

  In this action under the Stored Communications Act (the "SCA"), our Plaintiff, Richard Boyle, seeks $7,000,000 in damages from TracFone Wireless, Inc., and its employees for "unlawfully disclosing a record or other information to a government entity . . . without a valid search warrant, court order, or subpoena." Complaint [ECF No. 1] at 12. Since Boyle moved to proceed *in forma pauperis* ("IFP"), *see* IFP Motion [ECF No. 3], we must first screen his Complaint under 28 U.S.C. § 1915(e). After careful review, we find that the Complaint must be **DISMISSED** because Boyle fails to state a claim under the SCA.

### THE FACTUAL ALLEGATIONS

  Boyle is serving an 852-month sentence after having been convicted in the U.S. District Court for the Eastern District of Pennsylvania of several counts of bank robbery, money laundering, and brandishing a firearm. *See* Judgment, *United States v. Boyle*, No. 17-CR-00197 (E.D. Pa. Feb. 7, 2020), ECF No. 150 at 1–2. On July 5, 2016, before Boyle's arrest and conviction, Detective Jeffrey McGee applied for (and obtained) "a Montgomery County search warrant . . . for TracFone business records relating to [a phone number ending in -9879], including the IP address of a TracFone activation[.]" Complaint ¶ 6. In his search warrant application, Detective McGee explained that 911 dispatchers had

received "diversionary calls" from a phone number ending in -9879—*i.e.*, calls made with the express purpose of "get[ting] law enforcement to respond to a different location so the robber could commit the robbery in a different location." Search Warrant Application [ECF No. 1-2] at 9–10.[1] In a subsequent probable cause affidavit he executed on October 20, 2016, McGee explained that—after receiving TracFone's business records—he "determined that the cell phone was activated on Monday, June 27, 2016 between 2:33 p.m. and 2:37 p.m. from an I.P. address 8.42.192.198." Complaint ¶ 12 (quoting Probable Cause Affidavit [ECF No. 1-2] at 18).[2] After determining that "this I.P. address is assigned to Bucks County Free Libraries," Detective McGee "reviewed hours of video" from the library system and eventually identified Boyle as the man who activated the target cell phone. Probable Cause Affidavit [ECF No. 1-2] at 18.

Boyle alleges that McGee obtained this I.P. address illegally. He insists that McGee only obtained two "business records" from TracFone after serving the search warrant: the "place of purchase" and "call detail business records" for the number ending in -9879. Complaint ¶ 8 (citing Return of Service [ECF No. 1-2] at 11–12). According to Boyle, these records *did not* include "activation information from TracFone." *Ibid.* And (Boyle continues), since McGee couldn't have obtained the I.P. address in connection with the search warrant, he *must* have gotten it by some other (illicit) method. *See id.* at 10 ("The Return/Inventory of that search warrant clearly does not include any activation information. . . TracFone knew, or should have known, that the existing TracFone

---

[1] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes" FED. R. CIV. P. 10(c); *see also Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls.").
[2] Boyle only attached a portion of the Probable Cause Affidavit to his Complaint. A full copy of the affidavit can be found on Boyle's criminal docket. *See* Probable Cause Affidavit, *United States v. Boyle*, No. 17-CR-00197 (E.D. Pa. Dec. 7, 2018), ECF No. 69-1 at 15–22.

2

search warrant had expired. There is no other valid search warrant issued for TracFone to obtain activation information for [the cell phone number ending in -9879].").

As proof of this assertion, Boyle directs us to a conversation from July 17, 2018, between Boyle's "defense investigator Kerry Tucker" and "Meghan Lnu, a Subpoena Liaison Officer from TracFone." *Id.* ¶ 15.[3] Boyle alleges that "Meghan Lnu" told Ms. Tucker that "TracFone did not provide activation information for [the cell phone number ending in -9879] to law enforcement in this case" and that she had "never seen a case whereby TracFone was able to provide the IP address of where the phone had been activated." *Ibid.* This conversation between "Meghan Lnu" and Ms. Tucker featured prominently in an (unsuccessful) motion for a *Franks*[4] hearing Boyle's defense lawyer filed in the Eastern District of Pennsylvania on November 20, 2018. *See* Second Motion for *Franks* Hearing, *United States v. Boyle*, No. 17-CR-00197 (E.D. Pa. Nov. 20, 2018), ECF No. 65 at 3 ("The second paragraph of [the Probable Cause Affidavit] contains a false statement as well as an omission. . . . 'The records [obtained from TracFone] included the point of purchase as well as the I.P. address of the TracFone activation.' This statement is materially false. . . . Megan Lnu, who is a Subpoena Liaison Representative at TracFone Wireless, Inc., confirmed in an interview with Kerry B. Tucker that the only records TracFone provided . . . were the subscriber information and call detail records.").

## THE LAW

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. But the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

---

[3] It's unclear whether "Meghan Lnu" is the same person as "Magen Menendez," a defendant Boyle has named in this case.
[4] *See Franks v. Delaware*, 438 U.S. 154 (1978).

is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "'leniency does not give a court license to serve as *de facto* counsel for a party' or 'rewrite an otherwise deficient pleading in order to sustain an action,'" *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (quoting *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1989)). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . [J]udges cannot and must not 'fill in the blanks' for *pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.).

**ANALYSIS**

The SCA provides a civil cause of action to "any provider of electronic communication service, subscriber, or other person aggrieved by any violation of this chapter[.]" 18 U.S.C. § 2707(a). "Anyone who 'intentionally accesses without authorization a facility through which an electronic communication service is provided; or intentionally exceeds an authorization to access that facility; and thereby obtains access to a wire or electronic communication while it is in electronic storage in

4

such system' is liable pursuant to the SCA." *Brown Jordan Int'l, Inc. v. Carmicle*, 846 F.3d 1167, 1175 (11th Cir. 2017) (quoting 18 U.S.C. § 2701(a) (cleaned up)). Boyle avers in his Complaint that TracFone (and its employees) violated the SCA through its "unlawful disclosure . . . of the alleged IP address of the computer," which was given to Detective McGee even though there "was no other valid search warrant" authorizing the disclosure. Complaint at 10. He also claims that this disclosure has led to "irreparable harm" since it caused him the indignity of being arrested and incarcerated, "extensive property damage to his home," the closure of his business, and "voluminous, one-sided, and biased national news media coverage that wrongly portrayed Boyle as a violent criminal." *Id.* at 10–11.

But Boyle's claim is untimely. The SCA sets out a two-year statute of limitations for actions brought under its provisions. *See* 18 U.S.C. § 2707(f) ("A civil action under this section may not be commenced later than two years after the date upon which claimant first discovered or had a reasonable opportunity to discover the violation."). Boyle admits that he first learned about TracFone's "unlawful disclosure" of the IP address to Detective McGee as early as July 17, 2018, which is when "Meghan Lnu" told Kerry Tucker—an investigator for Boyle's defense attorney—that "TracFone did not provide activation information . . . to law enforcement" and that "she has never seen a case whereby TracFone was able to provide the IP address of where the phone had been activated." Complaint ¶ 15. Even if we assume that Boyle didn't learn about this conversation on July 17, 2018, though, he *certainly* would have known about it no later than November 20, 2018, when his lawyer filed a motion for a *Franks* hearing based (at least in part) on the allegation that Detective McGee lied about how he received the IP address. *See* Second Motion for *Franks* Hearing, *United States v. Boyle*, No. 17-CR-00197 (E.D. Pa. Nov. 20, 2018), ECF No. 65 at 3. And, in a February 25, 2019, email to his defense counsel, Boyle wrote that "he would not stipulate to anything in this case" and "instructed him to subpoena Megan Lnu from TracFone"—unmistakable evidence that knew about

5

Meghan Lnu's conversation with Ms. Tucker. Complaint ¶ 19 (citing Email to Defense Counsel [ECF No. 1-2] at 37).

In short, Boyle "first discovered or had a reasonable opportunity to discover" the alleged SCA violation at some point between July 17, 2018, and February 25, 2019—*more* than two years before Boyle filed this Complaint. 18 U.S.C. § 2707(f); *see also, e.g.*, *Trump v. Clinton*, 626 F. Supp. 3d 1264, 1315 (S.D. Fla. 2022) (Middlebrooks, J.) ("Plaintiff had more than a 'reasonable opportunity to discover the violation' in late October to early November 2016. . . . The statute of limitations therefore expired on October 31, 2018, or at the latest, early November 2018." (citing *Sewell v. Bernardin*, 795 F.3d 337, 342 (2d Cir. 2015)). Since the Complaint was filed beyond § 2707(f)'s two-year statute of limitations, we now dismiss it for failing to state a claim upon which relief may be granted.[5]

\*   \*   \*

Having screened the Amended Complaint under the provisions of 28 U.S.C. § 1915(e), we hereby **ORDER AND ADJUDGE** that Boyle's Complaint [ECF No. 1] is **DISMISSED** for failure to state a claim. All pending motions are **DENIED as moot**. The Clerk shall **CLOSE** this case.

---

[5] One last thing. Notwithstanding Boyle's request for money damages, his Complaint is more or less a collateral attack on the propriety of the search warrant and the probable cause affidavit that were instrumental to his arrest and conviction—both of which the district judge overseeing Boyle's criminal case determined were legal. *See* Order Denying Second *Franks* Motion, *United States v. Boyle*, No. 17-CR-00197 (E.D. Pa. Jan. 18, 2019), ECF No. 74 at 1 n.1 ("[T]he Court held a hearing and considered the testimony of Detective McGee and the arguments of counsel, including consideration of issues pertinent to the application for and issuance of the search warrant. The Court had no reason to suspect any untoward circumstances."). A criminal defendant can only attack his federal conviction and sentence collaterally in a motion to vacate under 28 U.S.C. § 2255. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is also clear that a § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence[.]"). Boyle undoubtedly knows this because he's already filed a § 2255 motion in the Eastern District of Pennsylvania, which argued, among other things, that "the affidavit of probable cause filed by Detective McGee was based on false statements and material omissions." Motion to Vacate, *United States v. Boyle*, No. 17-CR-00197 (E.D. Pa. Apr. 4, 2022), ECF No. 167 at 35. So, to the extent that any part of this Complaint isn't barred by the SCA's statute of limitations, the Complaint would still be dismissed because it constitutes a concurrent (and impermissible) collateral attack on Boyle's conviction and sentence.

**DONE AND ORDERED** in the Southern District of Florida on December 1, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Richard Boyle, *pro se*